MARLER *et al.* v. VANDIVIERE, solicitor-general, *et al.*

PER CURIAM. A suit was instituted against the sheriff and the solicitor-general, to enjoin confiscation of certain beer and the vehicle in which it was being carried, on the ground that the property was the subject of and employed in interstate commerce, alleging that the transportation was from the States of Ohio and Kentucky through the State of Georgia into the State of Florida, and that it was protected from seizure under the provisions of the Federal constitution and laws relating to interstate commerce. *Held:*

1. At interlocutory hearing the judge was authorized, under the pleadings and the evidence, to hold that the property was in this State for local distribution, and at the time of the seizure was not the subject of interstate commerce; and it was not erroneous to refuse an injunction.

2. The case differs on its facts from *Gaines* v. *Holmes,* 154 *Ga.* 344 (114 S. E. 327, 27 A. L. R. 98).

*Judgment affirmed. All the Justices concur except Hill, J., absent because of illness, and*

RUSSELL, C. J., and ATKINSON, J., who dissent, citing *Gaines* v. *Holmes,* supra; Brennan *v.* Titusville, 153 U. S. 302, 14 Sup. Ct. 829, 38 L. ed. 719. Act of Congress passed March 22, 1933, legalizing 3.2 per cent. beer. See also 1 U. S. C. A. 175, note 165; 27 U. S. C. A. 64a et seq.

No. 9813. DECEMBER 15, 1933.

*Blair & Gardner,* for plaintiffs.
*H. G. Vandiviere* and *J. G. Roberts,* for defendants.